# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED SATES OF AMERICA, | ) |
| | ) No. 05 CR 0223 |
| | ) |
| v. | ) Judge John W. Darrah |
| | ) |
| ISRAIL VENGERIN | ) |

## MEMORANDUM OPINION AND ORDER

On June 2, 2005, a grand jury returned a seven-count superceding indictment against Israil Vengerin and Vladimir Melster. Count One charges that Vengerin conspired with others and threatened the use of violence to cause harm to Individual A to collect or to attempt to collect from Individual A an extension of credit arising from a debt in violation of 18 U.S.C. § 894. Count Two charges that Vengerin knowingly participated in the use of extortionate means to collect and to attempt to collect extensions of credit from Individual A in violation of 18 U.S.C. § 894(a) and 2. Count Three charges Vengerin knowingly attempted to commit extortion obtained as "street tax" or "protection money" from a business in violation of 18 U.S.C. § 1951. Counts Four, Five, and Six charge that Vengerin and Melster participated in a scheme to defraud certain insurance companies in violation of 18 U.S.C. § 1341. Count Seven charges that Vengerin knowingly participated in the use of extortionate means to collect and to attempt to collect extensions of credit from Melster that arose from a debt that Vengerin claimed arose as a result of a falsely staged burglary in violation of 18 U.S.C. § 894(a) and 2. Presently pending before the Court is the Government's Motion *in Limine* to Permit Reputation Evidence in Defendant's Extortion Trial.

The Government seeks to introduce evidence of Defendant's past violent acts and reputation for violent conduct to show that the government witnesses understood and believed that their failure to pay their loans in a timely manner could result in the use of violence or other criminal means to cause harm to them.

Defendant is charged with making an extortionate extension of credit. This charge requires that the Government prove that Defendant and the debtor had an understanding that failure to pay the loan "could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 1981(6); *United States v. Zizzo*, 120 F.3d 1338, 1353 (7th Cir. 1997) (*Zizzo*).

Generally, reputation evidence and evidence of other crimes or bad acts is not admissible for purposes of proving conformity with that reputation or crimes or bad acts at a particular time. *See* Fed. R. Evid. 404(a), (b). However, the Government may elicit testimony regarding a defendant's past violent acts and reputation for violent conduct to show that the debtor had an understanding that he could be harmed if he failed to repay his loan when prosecuting an extortion claim. *See Zizzo*, 120 F.3d at 1353-54; *United States v. Dennis*, 625 F.3d 782, 799-800 (8th Cir. 1980) (*Dennis*) (prior acts and reputation evidence often used in extortion cases to prove extortionate understanding); *see also United States v. Balisterieri*, 778 F.2d 1226, 1231 (7th Cir. 1985) ("'organized crime' evidence is often admitted in extortion cases wherein the defendants allegedly exploited their criminal reputations to obtain money or property"). This evidence is admissible if the debtor's direct testimony is available or unavailable. *See Zizzo*, 120 F.3d at 1354; *Dennis*, 625 F.2d at 801;

2

18 U.S.C. §§ 892(c), 894(c). Section 892(b)(3)(B) further expressly provides that the Government may prove that the debtor reasonably believed that "the creditor had a reputation for the use of extortionate means to collect extensions of credit or to punish the nonpayment thereof." 18 U.S.C. § 892(b)(3)(B).

For the foregoing reasons, Fed. R. Evid. 404 does not bar the Government from introducing Defendant's past violent acts and reputation for violent conduct to show that the government witnesses understood and believed that their failure to pay their loans in a timely manner could result in the use of violence or other criminal means to cause harm to them.

Dated: 10-06-06

JOHN W. DARRAH
United States District Court Judge

3